JOHN A. ADAMS (0023)
DOUGLAS M. MONSON (2293)
LESTER K. ESSIG (4033)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
E-mail: jadams@rqn.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS GREENE, an individual, and REBECCA M. GREENE, an individual, | **COMPLAINT** |
| Plaintiffs, | (Jury Demanded) |
| v. | |
| DOLLAR FINANCIAL GROUP, INC., a New York corporation, | Case No._____ |
| Defendant. | Judge_____ |

Plaintiffs Thomas Greene, an individual, and Rebecca M. Greene, an individual (collectively the "Plaintiffs"), through their undersigned attorneys, complain of Defendant Dollar Financial Group, Inc., a New York corporation, and for causes of action allege as follows:

### I. PARTIES

1. Plaintiffs Thomas Greene and Rebecca M. Greene are individuals and residents of

the State of Utah. They are also husband and wife.

2. Defendant Dollar Financial Group, Inc. ("Defendant" or "Dollar") is a New York corporation, with its principal office located at 1436 Lancaster Avenue, Suite 310, Berwyn, Pennsylvania 19312, with business operations in the state of Utah.

## II. JURISDICTION AND VENUE

3. This is an action to enforce the absolute and unconditional guarantee by Dollar of the duties and obligations of the Franchisor (as defined below) to the Plaintiffs under the Franchise Agreement (as defined below).

4. We The People USA, Inc. ("WTPUSA") was the original Franchisor under the Franchise Agreement. Upon information and belief, WTPUSA later assigned its duties and obligations as Franchisor under the Franchise Agreement to We The People LLC ("WTPLLC"). WTPUSA and WTPLLC are collectively referred to herein as the "Franchisor" under the Franchise Agreement. WTPUSA and WTPLLC are currently Chapter 11 debtors-in-possession under Bankruptcy Case Nos. 10-10503 and 10-10504 in the United States Bankruptcy Court for the District of Delaware, and the automatic stay imposed as a result of the filing of their Chapter 11 bankruptcy petitions stays any actions to enforce any obligations or claims against WTPUSA or WTPLLC. This action expressly does not assert any claims or causes of action or liability against WTPUSA or WTPLLC, but only asserts liability against Dollar, which is not in bankruptcy, for its absolute and unconditional guarantee to assume the duties and obligations of the Franchisor under the Franchise Agreement. WTPUSA is a wholly-owned subsidiary of Dollar, which is not in bankruptcy. WTPLLC is a wholly-owned subsidiary of WTPUSA.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the citizenship of the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. The damages incurred by the Plaintiffs for the breach of the Franchisor's duties and obligations which Dollar has absolutely and unconditionally guaranteed exceed $716,439.00.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Dollar has been doing business in this District and a substantial part of the events giving rise to Plaintiffs' claims against Dollar occurred in this District.

### III. FACTS COMMON TO ALL COUNTS

7. On or about May 23, 2006, WTPUSA as Franchisor and Plaintiffs entered into a Franchise Agreement (the "Franchise Agreement") with the effective date of May 23, 2006, for the establishment, marketing, promotion, and operation by Plaintiffs of a legal document preparation services business (the "Franchised Business") in the territory (the "Exclusive Territory") stated in the Franchise Agreement.

8. The Exclusive Territory for the Franchised Business is the area covered by the following zip codes near South Salt Lake in the State of Utah: 84118, 84119, 84120, 84123, and 84128.

9. The Initial Term of the Franchise Agreement is ten years from the execution of the Franchise Agreement.

10. Upon information and belief, WTPUSA, by agreement made on or around July 1, 2007 and executed on or around September 14, 2007, assigned its rights and obligations as the Franchisor under the Franchise Agreement to its affiliate, WTPLLC. The Franchise Agreement

provides that the Franchisor will not assign or transfer its responsibilities under the Franchise Agreement unless the Franchisor first determines that the transferee will perform the Franchisor's obligations under the Franchise Agreement following the transfer.

11. The Franchise Agreement expressly references the terms of the Uniform Franchise Offering Circular, including two successive versions which had previously been delivered to Plaintiffs.

12. The Plaintiffs received an amended Uniform Franchise Offering Circular from Franchisor dated March 24, 2006 (the "Circular"). The Franchisor utilized the Circular as an inducement to the Plaintiffs to enter into the Franchise Agreement.

13. Pursuant to Item 21 of the Circular, the audited financial statements of Dollar for Dollar's fiscal years ended June 30, 2005 and June 30, 2004, and the interim financial statements of Dollar for the period ending December 31, 2005, were attached as part of Exhibit "C" to the Circular. The Franchisor utilized Dollar's financial statements as an inducement to the Plaintiffs to enter into the Franchise Agreement.

14. Item 21 of the Circular also states that Dollar "absolutely and unconditionally guarantees to assume the Company's [Franchisor's] duties and obligations under the Franchise Agreement." Dollar's absolute and unconditional guarantee is referred to herein as the "Dollar Guarantee." While the initial Uniform Franchise Offering Circulars referred to the fiscal years ended 2004 and 2005, subsequent circulars made clear that the guarantee included 2006 as well.

15. Pursuant to the Dollar Guarantee, Paragraph 7.7 of the Franchise Agreement provides that the prevailing party in any legal action necessary to enforce the terms of the

4

Franchise Agreement is entitled to recover its reasonable attorneys' fees and court costs as a result of such legal action.

16. Pursuant to the Dollar Guarantee, Dollar absolutely and unconditionally guaranteed that the Franchisor would comply with the requirements of the Utah Business Opportunity Disclosure Act and the Federal Trade Regulation Rule: Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures, and the requirements of the Circular, in connection with the Franchisor offering the Franchised Business for sale and in connection with the sale of the Franchised Business to the Plaintiffs.

17. The Utah Business Opportunity Disclosure Act (Utah Code Ann. § 13-15-1 et. seq.) and related regulations mandated that the Franchisor file with the Utah Division of Consumer Protection certain disclosure, registration and other documents and pay the mandatory fee required by Utah Code Ann. § 13-15-4 and related regulations prior to offering for sale or attempting to sell the Franchised Business to the Plaintiffs. The Franchisor failed to do so.

18. The Utah Business Opportunity Disclosure Act (Utah Code Ann. § 13-15-1 et. seq.) and related regulations mandated that the Franchisor file with the Utah Division of Consumer Protection the required notice of compliance with the Federal Trade Commission rule on franchising and other documents and to pay the mandatory fee in order to qualify for exemption as required by Utah Code Ann. §§ 13-15-4.5 and 13-15-4(4) and related regulations, prior to offering for sale or attempting to sell the Franchised Business to the Plaintiffs. The Franchisor failed to do so.

19. Sections 13-15-4 and 13-15-5 of the Utah Business Opportunity Disclosure Act

5

(Utah Code Ann. §§ 13-15-4 and 13-15-5) and related regulations, along with the Federal Trade Regulation Rule: Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures at 16 C.F.R. section 436.1 et. seq., and related regulations and rules, along with the requirements of the Circular, all mandated that Franchisor give to the Plaintiffs the disclosures and other documents required by the foregoing prior to offering the Franchised Business for sale to the Plaintiffs and prior to selling the Franchised Business to the Plaintiffs. The Franchisor failed to do so.

20. Among other things, the Franchisor failed to disclose and provide to the Plaintiffs the following mandatory disclosures and information: (a) fully updated and current required information relating to the status of all suits involving the Franchisor and the franchise system, the status of the franchise system and all franchisees, the franchisor's business plans, expansion, contraction and contemplated actions relating to franchisees and the franchise system, and the Franchisor's financial status; (b) complete and required information regarding the investment and initial investment in the Franchised Business; (c) information regarding the rights and obligations of franchisees and the Franchisor; and (d) the rights of franchisees to loans and other financial assistance and forgiveness of the same, as well as any rights by the Plaintiffs to loans and other financial assistance and forgiveness of the same on the same terms and conditions as provided to other franchisees.

21. The Franchisor also failed to conform to and abide by the disclosures that were provided to the Plaintiffs.

22. The Franchisor made statements and representations to the Plaintiffs, and provided

documents to the Plaintiffs regarding potential sales, income, gross and net profits for the Franchised Business, and other representations that suggested a specific level of sales for the Franchised Business, without providing proper disclosure and a basis regarding the same, without making the statements and representations relevant to the geographic market, and without the required printed cautions, and inconsistent with the representations made in the offering circulars regarding the same, contrary to Utah Code Ann. §§ 13-15-4(1)(f) and (5) and 13-15-5 and related regulations.

23. The Plaintiffs are entitled under Utah Code § 13-15-6(2) to their actual damages, an award of reasonable attorneys' fees and court costs, and other relief as provided by law, as a result of the Franchisor's failure to comply with the requirements of the Utah Business Opportunity Disclosure Act and the Federal Trade Regulation Rule: Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures, and the requirements of the Circular.

24. Dollar is liable to the Plaintiffs as the guarantor of the duties and obligations of the Franchisor for all damages resulting from the Franchisor's failure to file with the Utah Division of Consumer Protection the required disclosure, registration and other documents and failure to pay the mandatory fee required by Utah Code Ann. § 13-15-4 and related regulations prior to offering the Franchised Business for sale to the Plaintiffs and prior to selling the Franchised Business to the Plaintiffs.

25. Dollar is liable to the Plaintiffs as the guarantor of the duties and obligations of the Franchisor for all damages resulting from the Franchisor's failure to file with the Utah Division

of Consumer Protection the required notice of compliance with the Federal Trade Commission rule on franchising and other documents and to pay the mandatory fee in order to qualify for exemption as required by Utah Code Ann. §§ 13-15-4.5 and 13-15-4(4) and related regulations, prior to offering the Franchised Business for sale to the Plaintiffs and prior to selling the Franchised Business to the Plaintiffs.

26. Dollar is liable to the Plaintiffs as the guarantor of the duties and obligations of the Franchisor for all damages resulting from the Franchisor's failure to comply with the requirements of Sections 13-15-4 and 13-15-5 of the Utah Business Opportunity Disclosure Act and the Federal Trade Regulation Rule: Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures and the requirements of the Circular, prior to offering the Franchised Business for sale to the Plaintiffs and prior to selling the Franchised Business to the Plaintiffs.

27. Dollar is liable to the Plaintiffs as the guarantor of the duties and obligations of the Franchisor for all damages resulting from the Franchisor's failure to comply with Sections 13-15-4(1)(f) and (5) and 13-15-5 of the Utah Business Opportunity Disclosure Act, prior to offering the Franchised Business for sale to the Plaintiffs and prior to selling the Franchised Business to the Plaintiffs.

28. The Franchisor failed to furnish a notice meeting the necessary statutory requirements of the Plaintiffs' right to cancel the business opportunity sale within three business days after the time of purchase as required by Utah Code Ann. §§ 13-11-4(2)(m) and (3)(a) of the Utah Consumer Sales Practices Act and related regulations.

29. The Franchisor engaged in deceptive acts and practices as a supplier, including, without limitation, indicating to Plaintiffs that there was sponsorship, approval, affiliations, performance characteristics, a particular standard or quality, specific price advantages, or that goods and services would be provided within a specific time, which were not provided to Plaintiffs, and also included in the Franchise Agreement waivers of rights that Plaintiffs would otherwise be entitled to, all contrary to Section 13-11-4 of the Utah Consumer Sales Practices Act and related regulations.

30. The Franchisor engaged in unconscionable acts or practices as a supplier, including, without limitation, the acts and omissions noted in this Complaint, all contrary to Section 13-11-5 of the Utah Consumer Sales Practices Act and related regulations.

31. Pursuant to the Dollar Guarantee, Dollar absolutely and unconditionally guaranteed that the Franchisor would comply with the Utah Consumer Sales Practices Act and related regulations.

32. Dollar is liable to the Plaintiffs as the guarantor of the duties and obligations of the Franchisor for all damages and injury resulting from the Franchisor's failure to comply with Sections 13-11-4(2)(m) and (3)(a) of the Utah Consumer Sales Practices Act and related regulations.

33. Dollar is liable to the Plaintiffs as the guarantor of the duties and obligations of the Franchisor for all damages and injury resulting from the Franchisor's failure to comply with Section 13-11-4 of the Utah Consumer Sales Practices Act and related regulations.

34. Dollar is liable to the Plaintiffs as the guarantor of the duties and obligations of the

Franchisor for all damages and injury resulting from the Franchisor's failure to comply with Section 13-11-5 of the Utah Consumer Sales Practices Act and related regulations.

35. The Plaintiffs are entitled under Utah Code § 13-11-19 of the Utah Consumer Sales Practices Act to their actual damages and to an award of reasonable attorneys' fees and court costs as a result of the Franchisor's failure to comply with the requirements of the Utah Consumer Sales Practices Act (Utah Code §13-11-1 et. seq.).

36. The Franchisor breached its duties and obligations to Plaintiffs under the Franchise Agreement by, among other things, failing to provide all of the legal documents agreed upon for customers of the Franchised Business, failing to provide all of the legal documents within the time period agreed upon, failing to provide and to otherwise assure that all of the legal documents that were provided were in full compliance with all legal requirements, failing to provide an operating manual as agreed upon, failing to provide all of the support, performance, services, consideration and rights required by the Franchise Agreement, the Circular and related documents, failing to fully support and maintain franchisees and the franchise system, implementation of steps and actions that undermined, weakened, contracted, terminated and abandoned franchisees and the franchise system, and making misrepresentations, misstatements, and false statements and engaging in intentional omissions of material information, thereby constituting breaches of contract for the Franchise Agreement and breach of Franchisor's covenant of good faith and fair dealing with Plaintiffs.

37. Pursuant to the Dollar Guarantee, Dollar absolutely and unconditionally guaranteed that the Franchisor would comply with its duties and obligations under the Franchise Agreement

and would comply with Franchisor's covenant of good faith and fair dealing with Plaintiffs.

38. Dollar is liable to the Plaintiffs as the guarantor of the duties and obligations of the Franchisor for all damages and other appropriate relief resulting from the Franchisor's failure to comply with its duties and obligations under the Franchise Agreement and the Franchisor's breach of its covenant of good faith and fair dealing with Plaintiffs.

39. The Franchisor engaged in efforts to undermine, weaken, contract, terminate and abandon franchisees and the franchise system, and to reduce and terminate services and support for franchisees and the franchise system, all of which adversely impacted Plaintiffs' relationships with actual and potential investors, partners, customers, and others, which actions and efforts constituted interference with contract, interference with prospective business advantage, and interference with prospective economic relations, and which actions and efforts were in breach of the Franchisor's duties and obligations to Plaintiffs under the Franchise Agreement.

40. Pursuant to the Dollar Guarantee, Dollar absolutely and unconditionally guaranteed that the Franchisor would comply with its duties and obligations under the Franchise Agreement and would not act in a way to undermine Plaintiffs' rights under the Franchise Agreement.

41. Dollar is liable to the Plaintiffs as the guarantor of the duties and obligations of the Franchisor for all damages, injury and other appropriate relief resulting from the Franchisor's failure to comply with its duties and obligations under the Franchise Agreement and Franchisor's actions to undermine Plaintiffs' rights under the Franchise Agreement.

42. The Franchisor engaged in misrepresentations, deceptions, fraud, fraud in the inducement, fraud in the execution of the Franchise Agreement, and illegal and unlawful

conduct, arising from the misconduct, acts and omissions by the Franchisor alleged in this Complaint and the Franchisor's related activities in connection with the offering and sale of the Franchised Business to Plaintiffs, all in contravention of the Franchisor's duties and obligations under the Franchise Agreement.

43. Pursuant to the Dollar Guarantee, Dollar absolutely and unconditionally guaranteed that the Franchisor would comply with its duties and obligations under the Franchise Agreement and would not engage in misrepresentations, deceptions, fraud, fraud in the inducement, fraud in the execution of the Franchise Agreement, and illegal and unlawful conduct in connection with Plaintiffs' rights under the Franchise Agreement.

44. Dollar is liable to the Plaintiffs as the guarantor of the duties and obligations of the Franchisor for all damages resulting from the Franchisor's failure to comply with its duties and obligations under the Franchise Agreement and the Franchisor's misrepresentations, deceptions, fraud, fraud in the inducement, fraud in the execution of the Franchise Agreement, and illegal and unlawful conduct in connection with Plaintiffs' rights under the Franchise Agreement.

**FIRST CAUSE OF ACTION**
**(Recovery Under the Dollar Guarantee)**

45. Plaintiffs incorporate the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. The Franchisor materially breached its obligations to the Plaintiffs under the Franchise Agreement as alleged in this Complaint.

47. Plaintiffs performed their obligations to the Franchisor under the Franchise

Agreement and did not contribute to the Franchisor's breaches.

48. Pursuant to the Dollar Guarantee, Dollar absolutely and unconditionally guaranteed all of the duties and obligations of the Franchisor under the Franchise Agreement and therefore is liable to the Plaintiffs for all of their damages and other relief provided by law arising from the Franchisor's failure to fulfill its duties and obligations to the Plaintiffs under the Franchise Agreement, in an amount to be proven at trial, plus consequential damages, interest, costs and reasonable attorneys' fees.

49. Plaintiffs are entitled to recover from Dollar all of their actual damages sustained as a result of the Franchisor's failure to fulfill its duties and obligations to the Plaintiffs under the Franchise Agreement, in an amount to be proven at trial, plus consequential damages, interest, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in its favor and against Defendant Dollar Financial Group, Inc. as follows:

(a) On the First Cause of Action for recovery under the Dollar Guarantee, for judgment against Defendant Dollar Financial Group, Inc. for all of Plaintiffs' damages sustained as a result of the Franchisor's failure to fulfill its duties and obligations to the Plaintiffs under the Franchise Agreement, in an amount to be proven at trial, plus consequential damages, interest, costs and reasonable attorneys' fees, and other relief provided by law.

(b) That Plaintiffs be awarded prejudgment and post-judgment interest.

(c) That Plaintiffs be granted any other appropriate relief.

## JURY DEMAND

Plaintiffs demand a jury trial of all issues in this action.

> DATED this 15th day of March, 2010.
>
> RAY QUINNEY & NEBEKER P.C.
>
> /s/ Douglas M. Monson
> John A. Adams
> Douglas M. Monson
> Lester K. Essig
> Attorneys for Plaintiffs

1075601